STATE, Respondent, v. MERKLE, Appellant

(47 N. W.2d 92)

(File No. 9139. Opinion filed April 3, 1951)

Rehearing denied May 29, 1951

I. F. Bormann, W. M. Potts, Mobridge, for Appellant.

Ralph A. Dunham, Atty. Gen., Russell C. Molstad, Asst. Atty. Gen., for Respondent.

ROBERTS, J. Defendant was convicted of conducting a public dance hall without a license and during prohibited hours. Defendant appeals from the judgment of conviction.

SDC 53.0201 provides: "It shall be unlawful for any person, or persons, firm, or corporation, to conduct, operate, or maintain a public dance hall within this state without first obtaining a license therefor from the county commissioners of the county in which such dance hall is to be located. Dance halls licensed and regulated by a municipality shall not be required to obtain a license under this chapter." SDC 53.0208 provides that a public dance hall "shall be clos-

ed from the hour of twelve o'clock midnight on Saturday evening and remain closed to the public until seven o'clock a. m. on the following Monday." SDC 53.0202 defines "public dance hall" as follows: "A public dance hall, as the term is used in this chapter, shall be construed to mean any place or space open to public patronage in which dancing, wherein the public may participate, is carried on and to which admission may be had by the public, by payment either directly or indirectly of an admission fee or price for dancing, for the personal gain or profit of the person, firm, or corporation, conducting, maintaining, or operating such public dance hall." SDC 53.0203, as amended by Laws 1943, c. 180, provides in part: "Nothing in this Act shall be construed to apply to dances, conducted, maintained or operated as a community enterprise and without personal profit to any person, firm or corporation, where the admission fee charged does not exceed the cost of operating, maintaining or conducting such public dance."

On Sunday night, July 11, 1948, there was a public dance in the barn on defendant's farm. The dance was attended by about 100 persons and there was a charge of seventy-five cents per couple for dancing. The undisputed evidence shows that the place in question is outside of the limits of a municipality and that accused had not obtained a license to conduct, operate or maintain a public dance hall.

It is urged by appellant that the evidence is insufficient to connect him with any offense; that where, as here, the evidence conclusively shows that the dance was conducted for the enjoyment and amusement of people in the community without profit the statute has no application; and that if the provisions of the statute are construed to apply to the facts in the instant case they unduly interfere with personal rights and are void.

Appellant testified that he did not know that his two sons had arranged for the dance and that he did not hire the musicians, charge or collect admission for dancing, sell refreshments or otherwise participate in the holding of the dance. He admitted that he had seen a poster advertising the dance; that he was present at the dance; and that there

had been three dances at his farm during the year at which a charge was made for the privilege of dancing. According to the testimony of the sons, arrangements for the dance including the hiring of the orchestra were made by them and friends and the dance was not conducted for profit.

 If the dance was conducted "as a community enterprise and without personal profit", appellant was not guilty. The fact that friends assisted in promoting and conducting the dance did not necessarily bring the instant case within the terms of the 1943 amendment. The question whether the dance was a "community enterprise" was properly submitted to the jury. We think that consideration of all the evidence warranted the jury in finding that the premises in question came within the statutory definition of "a public dance hall", it being shown thereby that the public was invited and that a prescribed charge was exacted from participants and paid to persons conducting the dance. We think, too, that his ownership of the premises where the dance was conducted, knowledge that there was to be a dance and his presence thereat sufficiently connected appellant with the offense. State v. Kasal, 176 Minn. 86, 222 N. W. 575.

Much stress is sought to be laid by counsel upon the case in In re Hall, 50 Cal.App. 786, 195 P. 975, 977, which involved the validity of an ordinance regulating dancing. Counsel place reliance upon the following language quoted from the opinion therein: "From time immemorial, it has been customary in all free countries and in most civilized lands for people to enjoy themselves in their homes by dancing and listening to dance music. Any police measure that would hold these amusements legally objectionable in themselves would destroy one of the purposes for which people congregate in large cities—the opportunity to meet in social intercourse and enjoy the customary social pleasures and amusements. * * * It has never been found wise, and it is not legally reasonable, to do more than fix such general conditions to the enjoyment of these innocent amusements as are necessary to the good of the whole community."

██ ██ The court held the ordinance void because it unduly and unwarrantably interfered with personal rights, but

we do not think the conclusion of that case applicable to the statute and the facts here under consideration. The ordinance in that case did not confine the prohibited acts to public dance halls, but included all rooms within 25 feet of a residence. It was there recognized that public dances and dance halls are proper subjects for the exercise of the police power. See annotations in 48 A.L.R. 144 and 60 A.L.R. 173. We understand counsel to contend that all public dance halls are not of the same class and subject to regulation. In Mehlos v. City of Milwaukee, 156 Wis. 591, 146 N.W. 882, 885, 51 L.R.A.,N.S., 1009, discussing the scope and limitation of the power to license and regulate public dances, the court said: "Public meetings and meeting places which are liable to be characterized by disorderly conditions or lead to breaches of the peace or promote immorality have, universally, been considered proper subjects for police regulation. Public dances and dance halls fall within the latter class." We think that there is no basis for holding that a public dance hall of the nature here in question is not within the class which may be regulated by the exercise of the police power.

We have considered appellant's contentions that the court erred in rulings upon the admission and rejection of evidence, but find no prejudicial error in the rulings complained of.

The judgment appealed from is affirmed.

RUDOLPH, P.J., and SMITH and SICKEL, JJ., concur.

HAYES, J., dissents.